AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   MJ 16-00116-N |
| Elyric Nathaniel Singleton, III ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of  ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum prison term of ten years or more is prescribed in _____.

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

☐ under 18 U.S.C. § 924(c).

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

## Alternative Findings (B)

☒ (1)  There is a serious risk that the defendant will not appear.

☒ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by    ☒ clear and convincing evidence  ☒  a preponderance of the evidence that no conditions/combination of conditions can be imposed that will assure defendant's presence at future court proceedings or ensure the safety of the community.  Defendant is charged by way of criminal complaint with conspiracy to possess with intent to distribute controlled substances. The complaint alleges the controlled substances were obtained during the course of burglaries of several pharmacies in Alabama, Florida, Georgia, Arkansas and Illinois.  William Schmierer, DEA Task Force Agent testified that the investigation into these burglaries began in April 2016.  The drugs stolen from the pharmacies have been distributed in the Houston, Texas area.  On May 20, 2016 defendant is shown on a Walmart video purchasing blue pants, a hooded sweatshirt, headlamps, latex gloves and a blue crow bar.  On May 21, 2016 a pharmacy in Lucedale, MS was burglarized. A 2015 Dodge Journey (rented by defendant on May 20, 2016) was found running behind the pharmacy.  Inside the car police found defendant's photo ID card, clothing matching that being purchased on the Walmart Video and the shoes defendant is shown wearing in the video.  A blue crow bar was found nearby.  A phone in the vehicle contained information on defendant's personal bank accounts, text messages relating to drug transactions and photos of pharmacies.  Defendant told the agents he lived in Houston, TX where he rents an apartment. He told pretrial he lives with his wife in Mobile, AL.  Defendant reports income of $450.00 per month but reports expenses in the amount of $2,600 per month.  The wife Kayla Singleton testified that she was unaware of defendant's finances and was unsure if he was with her on the nights of the burglaries.  Defendant's criminal history consists of an arrest for possession of marijuana in 2008 that was dismissed and a 2012 arrest for no pistol permit that was nolle prossed.  Defendant reported that he has firearms in his home but his wife testified that no firearms were in the home. Defendant reported to pretrial that he last used marijuana in November 2016 but his wife testified that she was unaware of any drug use. Defendant's father and wife were proffered as  third party custodians.  However, based upon the weight of the evidence, defendant's admitted drug use, his contradictory statements to pretrial and the issues surrounding his finances, the undersigned finds that the weight of the evidence supports and order of detention.

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   December 23, 2016

s/KATHERINE P. NELSON

*Judge's Signature*

Katherine P. Nelson, United States Magistrate Judge

*Name and Title*

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)